# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM L. RIDENOUR,

    Petitioner,

    -vs-

WARDEN, Chillicothe Correctional
  Institution,

    Respondent.

:    Case No. 3:09-cv-106

:    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

:

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases. It was properly transferred to this location of court under S. D. Ohio Civ. R. 82.1(f) which provides that non-capital habeas corpus actions shall be filed at the location of court which serves the county in which the state court judgment which is the subject of the habeas petition was filed. Petitioner complains of a conviction in the Montgomery County Common Pleas Court; Montgomery County is served by the Dayton location of court. S. D. Ohio Civ. R. 82.1(b)

According to the Petition, Mr. Ridenour was convicted of two counts of murder on his plea of guilty almost thirty-nine years ago, on April 10, 1972. 28 U.S.C. §2244 (d), as adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides:

    (1) A 1-year period of limitation shall apply to an application for a

writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases, *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Prior to adoption of the AEDPA, there had never been a statute of limitations on habeas corpus petitions, although the Rules Governing §2254 Proceedings permitted dismissal on a laches basis if the Petitioner's delay had prejudiced the State's ability to defend. Thus a habeas petitioner

could file at any time. In passing the AEDPA, Congress did not adopt a grace period during which habeas claims which had accrued more than a year prior to April 24, 1996, could be filed. The absence of such a grace period would have rendered the new statute of limitations unconstitutional as to any habeas claims which accrued before April 24, 1996. *Block v. North Dakota,* 461 U.S. 273, 286 at n. 23, 103 S. Ct. 1811, 75 L. Ed. 2d 840 (1983); *Texaco, Inc., v. Short,* 454 U.S. 516, 527 at n. 21, 102 S. Ct. 781, 70 L. Ed. 2d 738 (1982), *quoting Wilson v. Iseminger,* 185 U.S. 55, 22 S. Ct. 573, 46 L. Ed. 804 (1902); *Terry v. Anderson*, 95 U.S. 628, 24 L. Ed. 365 (1877); *Sohn v. Waterson*, 84 U.S. 596, 21 L. Ed. 737 (1873). Therefore, no petition filed on or before April 24, 1997 — one year from the date of AEDPA's enactment — may be dismissed for failure to comply with §101's time limit. *Brown v. O'Dea,* 183 F.3d 572 (6th Cir. 1999).

Because Mr. Ridenour was convicted prior to April 24, 1996, he was entitled to the one-year grace period thereafter to file a petition on a pre-existing conviction. However, it is now almost twelve years after that grace period expired. Petitioner's attempts in the last two or so years to obtain a delayed appeal in the Ohio courts do not serve to resurrect his habeas corpus claim.

The Petition herein should be dismissed with prejudice as barred by the statute of limitations.

March 16, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections

shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Ridenour Habeas SOL R&R.wpd